IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-03205-M

DELGEN FOYE, )
)
        Plaintiff, )
)
v. ) ORDER
)
SERGEANT McLEOD, et al., )
)
        Defendants. )

On June 29, 2022, Delgen Foye ("plaintiff"), a state inmate proceeding *pro se* and without prepayment of fees, filed this complaint under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"). [D.E. 1, 2, 7].

The court now conducts its initial review under 28 U.S.C. § 1915A and, for the following reasons, dismisses the complaint for failure to state a claim upon which relief may be granted.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

The Bivens Court "'recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" Iqbal, 556 U.S. at 675 (citation omitted); see Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001) ("The purpose of Bivens is to deter individual federal officers from committing constitutional violations.").

Plaintiff's Complaint:

Plaintiff names as defendants the following employees of the Supreme Court of the United States: Clerk of Court Scott S. Harris ("Harris"), and Case Analyst Clayton R. Higgins, Jr. ("Higgins"). Compl. [D.E. 1] at 3. Plaintiff generally alleges these defendants violated his rights to due process and access to courts on April 7, 2020, and May 28, 2021. Id. at 5. Plaintiff specifically alleges that, although he provided an updated address, his legal mail from the clerk's office twice was sent to the wrong location. Id. As to what happened, plaintiff states:

> My due process rights were violated by the Supreme Court of the United States. My writ of Certiorari was denied by the court without the respondent responding to a court order to respond in 30 days of the order [sic], thereby violating my 14th Amendment right to due process. The clerk of court for the Supreme Court of the United States thru [sic] a case analyst twice sent my legal mail to the wrong address

[denying] my access to the court in a timely manner in an attempt to make my response to the court out of time on two separate occasions.

Id. at 6.

Plaintiff identifies as his injury: "pain and suffering, unnecessary anxiety, multiple stress related issues such as high blood pressure, lack of sleep." Id. at 7.

For relief, plaintiff seeks release from prison as well as "compensation for the pain and suffering of being wrongly convicted and for the U.S. Supreme Court's deviation from due process that violates my rights [sic]." Id. at 9.

Discussion:

Plaintiff's bald, threadbare due process allegations amount to claims of mere negligence. See, e.g., Kingsley v. Hendrickson, 576 U.S. 389, 396 (2015) (noting "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process" (citation, internal quotation marks, and alteration omitted)); Daniels v. Williams, 474 U.S. 327, 330–31 (1986) (holding a government official's mere lack of due care insufficient for a cognizable Fourteenth Amendment due process violation); Pink v. Lester, 52 F.3d 73, 77–78 (4th Cir. 1995); see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"). Plaintiff's bald, threadbare access-to-courts allegations likewise fail to identify with specificity an actual injury or "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Lewis v. Casey, 518 U.S. 343, 351–52 (1996); see Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006).

Alternatively, even if plaintiff's claims against defendants actually were cognizable under Bivens, the court still would decline to recognize an implied Bivens cause of action in this case.

3

In Ziglar v. Abbasi, 582 U.S. 120 (2017) ("Abbasi"), the Supreme Court noted that it had recognized Bivens causes of action in only three instances–an unreasonable seizure claim against federal officers under the Fourth Amendment in Bivens, a federal employment gender discrimination claim against a United States Congressman under the equal protection component of the Fifth Amendment's Due Process Clause in Davis v. Passman, 442 U.S. 228 (1979) ("Davis"), and a deliberate indifference claim on behalf of a decedent inmate against federal prison officials under the Eighth Amendment's Cruel and Unusual Punishments Clause in Carlson v. Green, 446 U.S. 14 (1980) ("Carlson"). See Abbasi, 582 U.S. at 130–31.

The Court noted, "when deciding whether to recognize an implied cause of action, the 'determinative' question is one of statutory intent." Id. at 133 (citations omitted). To recognize implied causes of action under Bivens, a court must discern whether it has authority "to create and enforce a cause of action for damages against federal officials in order to remedy a constitutional violation." Id. The Court opined that expanding the Bivens remedy is now a "disfavored judicial activity," id. at 135 (quotation omitted), and "separation-of-powers principles are or should be central to the analysis" when a party seeks an implied cause of action, id.

If a claim "presents a new Bivens context," id. at 139, a court must assess whether any "special factors counsel[ ] hesitation" in recognizing a remedy "in the absence of affirmative action by Congress." Id. at 136; see Hernandez v. Mesa, 140 S. Ct. 735, 743 (2020) (reaffirming the Abbasi two-step analysis); but see Egbert v. Boule, 142 S. Ct. 1793, 1803 (2022) (acknowledging, although Abbasi "describe[s] two steps," the steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy," and suggesting a "rational reason" to defer to Congress will be present "in most every case.").

4

A Bivens claim is "new" if the case differs "in a meaningful way from previous Bivens cases decided by" the Court. Abbasi, 582 U.S. at 139. Such meaningful differences include:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the function of other branches; or the presence of potential special factors that previous Bivens cases did not consider.

Id. at 140.

Plaintiff's claims present a new context that is meaningfully different from the causes of action the Supreme Court previously recognized in Bivens, Davis, or Carlson. Plaintiff's alleged injuries–suffering adverse consequences due to misdirected mail–are vastly different from those in Carlson, 446 U.S. at 17 (finding a Bivens remedy available where federal prison officials failed to adequately treat a decedent's fatal asthma attack). Plaintiff also names a new type of defendant–employees of the United States Supreme Court–as opposed to prison officials failing to provide adequate medical treatment in Carlson, a Congressman making employment determinations in Davis, or arresting federal narcotics agents in Bivens. Also unlike Davis, plaintiff's claims do not sound under the equal protection aspect of the Fifth Amendment's Due Process Clause. See Abbasi, 582 U.S. at 140 (listing "the rank of the officers involved" and "the constitutional right at issue" as potential meaningful differences); Hernandez, 140 S. Ct. at 743 (noting that a Bivens claim "may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized"); see also Annappareddy v. Pascale, 996 F.3d 120, 132–34 (4th Cir. 2021) (citing Abbasi and agreeing that "*Bivens* has never 'been extended to a Fifth Amendment due process claim'").

5

After finding this case is "meaningfully different" from Bivens causes of action previously recognized by the Supreme Court, the court further finds that there are "special factors" counseling hesitation before expanding the Bivens remedy because plaintiff's issues with legal mailings may be addressed with motions directed to the Court itself. See Abbasi, 582 U.S. at 136; Earle v. Shreves, 990 F.3d 774, 780 (4th Cir.) (noting that, although "alternate remedies do not permit an award of money damages, they nonetheless offer the possibility of meaningful relief and remain relevant" to the "special factor" analysis), cert. denied, 142 S. Ct. 358 (2021); see also Bradd v. Leinenweber, 287 F. App'x 530, 531 (7th Cir. 2008) (finding frivolous a Bivens action by a federal inmate alleging a federal judge and unnamed court clerk's office employee conspired to deny him due process "by sabotaging his collateral attack," and noting the inmate's proper remedy for the denial of his motion under 28 U.S.C. § 2255 was seeking relief via appeal or motions to the court).

Answering the Supreme Court's ultimate Bivens remedy expansion query – "whether there is any reason to think that Congress might be better equipped to create a damages remedy," Egbert, 142 S. Ct. at 1803 – there indeed is a "rational reason" for the court to defer instead to Congress for creation of a damages remedy in this case. See Tate v. Harmon, 54 F.4th 839, 847–48 (4th Cir. 2022) (applying Egbert). Thus, the court declines to extend the Bivens remedy in this case. See Abbasi, 582 U.S. at 140, 147 (noting, extension of the Bivens remedy "is a decision for the Congress to make, not the courts" and "even a modest [Bivens] extension is still an extension").

To the extent plaintiff seeks immediate release from state custody, a writ of habeas corpus, not a Bivens action, is the proper avenue for such relief. See Skinner v. Switzer, 562 U.S. 521, 525 (2011); Wilkinson v. Dotson, 544 U.S. 74, 81 (2005); Preiser v. Rodriguez, 411 U.S. 475, 498–500 (1973); United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995).

Finally, because this complaint cannot be cured by amendment, dismissal is appropriate. See Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015).

## Conclusion:

In sum, the court DISMISSES the complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1). The clerk shall close the case.

SO ORDERED this 4th day of April, 2023.

*Richard E Myers II*
RICHARD E. MYERS II
Chief United States District Judge